**Ruben HARRIS, Jr., Petitioner-Appellant,**

v.

**STATE OF TEXAS, COUNTY OF WALKER and Dr. George J. Beto, Director, Texas Department of Corrections, Respondents-Appellees.**

**No. 72–2818.**

United States Court of Appeals,
Fifth Circuit.

March 30, 1973.

Gerard P. Nugent, Austin, Tex., court appointed, for petitioner-appellant.

Crawford Martin, Atty. Gen., Guy C. Fisher, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for respondents-appellees.

Before COLEMAN and SIMPSON, Circuit Judges, and ESTES, District Judge.

PER CURIAM:

On March 2, 1972, the United States District Court for the Western District of Texas in a habeas corpus proceedings found that the Appellant Harris had been denied due process in a 1969 Texas conviction for robbery by assault because the State failed to disclose evidence favorable to him and ordered Harris discharged from custody subject to the State's right to try him within a reasonable period of time not to exceed 120 days. On July 12, 1972, Harris filed another application for a writ of habeas corpus on the grounds that he had not been retried within 120 days; in response, the State moved for an extension of time on August 2, 1972, and moved that Appellant's Application be dismissed on August 4, 1972. After considering the motion along with a transcript of the proceedings in the State Court, the District Court, under 28 U.S.C. 2243,[1] granted the State's motion for an extension of time on August 10, 1972, and on August 16, 1972 granted the State's motion to dismiss the Application.

This is not a case of a defendant being denied a speedy trial by delaying tactics by the state. Appellant has made no effort to obtain a speedy re-trial through the available state remedies. On the contrary, Appellant is dissatisfied with the original March 2 order of the District Court entitling him to only a new trial instead of outright release. In its August 10 order the District Court found

"that said Petitioner, REUBEN [sic] HARRIS, JR., is attempting to frustrate and prevent the right of State to re-try the case of State v. Reuben [sic] Harris, Jr., (cause No. 68–458), by employing tactics of recalcitrance and delay. It is apparent that the State has attempted to comply with this Court's order dated March 2, 1972, and has been standing ready to re-try Defendant HARRIS since the call of the trial docket on May 1, 1972."

Appellant will not be permitted to obstruct the State's efforts to re-try him and then obtain a dismissal for failure of the State to provide him with a speedy trial.

Therefore, the orders appealed from are

Affirmed.

1. "The court shall . . . dispose of the matter as law and justice require."